IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EDGAR JUAREZ VILLATORO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26-cv-2102 (AJT-WBP) |

**ORDER**

Before the Court is Edgar Juarez Villatoro's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on July 14, 2026. Petitioner alleges his detention, which exceeds a period of six months, is unlawful under 8 U.S.C. § 1231 (Count I), the Due Process Clause of the Constitution (Count II), and that, as a matter of due process, and the INA's implementing regulations, he is entitled to Immigration Judge review of any negative third country screening pursuant to Respondents' efforts to remove Petitioner to a third country (Counts III, IV). [Doc. No. 1]. Finally, Petitioner contends that the revocation of his March 11, 2015 Order of Supervision violates the *Accardi* doctrine (Count V). *Id.*

Petitioner is a native and citizen of El Salvador, who entered the United States in or around April 2002 without inspection. [Doc. No. 1] ¶ 39. On July 20, 2011, Petitioner was removed pursuant to an order of removal, dated June 3, 2011. *Id.* In or around December 2012, Petitioner reentered the United States and, after encountering Petitioner, DHS issued him on May 1, 2014, a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, pursuant to 8 U.S.C. § 1231(a)(5). *Id.* ¶ 40. After Petitioner expressed fear of return to El Salvador and received a fear screening, a USCIS asylum officer concluded on July 29, 2014 that Petitioner had established a reasonable fear

of persecution or torture; and DHS issued a Form I-863, Notice of Referral to Immigration Judge, placing him in withholding-only proceedings. *Id.* ¶ 41. On March 3, 2015, an immigration judge ordered Petitioner removed to El Salvador with withholding of removal to El Salvador, finding that he had been persecuted—and was more likely than not to be persecuted again—by the MS-13 gang on account of a protected ground.[1] *Id.* ¶ 42. On March 11, 2015, ICE released Petitioner from custody on an Order of Supervision ("OSUP"). *Id.* ¶ 43. For the next decade—from March 2015 through December 2025—Petitioner lived under that OSUP, residing in Falls Church, Virginia, with his U.S. citizen wife and U.S. citizen children, and reporting to ICE as directed and appearing at every scheduled check-in. *Id.* ¶ 44. Petitioner was also granted employment authorization. *Id.* ¶ 45.

On December 1, 2025, Petitioner reported to the ICE Washington Field Office for a scheduled check-in, where Petitioner was taken into immigration custody. *Id.* ¶ 46. ICE purported to revoke Petitioner OSUP "because a third country of removal had been identified," and ICE served him with a Notice of Removal stating that it intended to remove him to Mexico. *Id.* ¶ 46. Petitioner claimed fear of removal to Mexico, pursuant to which, on December 8 and 9, 2025, a USCIS asylum officer conducted a "third country screening" and issued a negative fear determination as to Petitioner's prospective removal to Mexico. *Id.* ¶¶ 47–48. On December 16, 2025, ICE transferred Petitioner to the Port Isabel Processing Center in Texas to stage his removal to Mexico. *Id.* ¶ 49. Before Petitioner's removal was effectuated, he filed a habeas petition in this Court, which this Court granted in part and directed Respondents (1) to provide Petitioner, with respect to the revocation of his Order of Supervision, a review by the HQPDU Director that

[1] There is no record that either party appealed this order, and accordingly, that order is administratively final under 8 U.S.C. § 1231(a)(B)(i).

includes "a final evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release," 8 C.F.R. § 241.4(l)(3); and (2) to afford Petitioner Immigration Judge review of the negative fear determination "pursuant to 8 C.F.R. § 208.31." *Id.* ¶¶ 49–52; Order, *Juarez Villatoro v. Noem*, No. 1:25-cv-2359 (E.D. Va. Jan. 6, 2026), Dkt. No. 18. This Court further ordered Petitioner's return to this judicial district and enjoined Respondents from removing him "from this judicial district and the continental United States until such time an Immigration Judge reviews Petitioner's negative fear determination of removal to Mexico, the Immigration Judge affirms such a negative determination, and the time for all administrative and judicial appeals has elapsed." *Id.* In a sworn declaration, Respondents submit that the Headquarters Post-Order Detention Unit Director took place on April 1, 2026, where Respondents allowed Petitioner to contest any facts relating to his detention but that Petitioner refused to speak or participate in the review. [Doc. No. 10-1] ¶ 9.

On April 17, 2026, an immigration judge reviewed the asylum officer's negative fear determination and on April 23, 2026, the immigration judge issued a decision concurring in the negative determination of the asylum officer. [Doc. No. 1-2]. On May 21, 2026, Petitioner timely sought judicial review of the immigration judge's order in the Fourth Circuit, which remains pending. [Doc. No. 1] ¶ 55.

Petitioner's criminal history includes a 2016 conviction for an assault on a law enforcement officer and driving while intoxicated. [Doc. No. 1-1] ¶ 19. On July 10, 2026, in another habeas action in this Court, Respondents filed the sworn declaration of ICE Supervisory Detention and Deportation Officer Justin Richardson, attesting that "Mexico will not be accepting individuals with a criminal history, involving sexual assault, aggravated assault, assault to include Domestic Violence, or homicide." [Doc. No. 1-5] ¶ 19. Nonetheless, in this Petition, Respondents submit a

sworn declaration by Acting Assistant Field Office Director Michael Coles attesting that absent the underlying federal court litigation ICE is prepared "to resume actively working on Petitioner's removal to Mexico, which is significantly likely to occur in the reasonably foreseeable future" and representing that Mexico has accepted individuals with a comparable criminal history to Petitioner in the past. [Doc. No. 10-1] ¶¶ 15–16. Respondents have not provided any expected timeline as to when it anticipates securing Mexico's approval or Petitioner's travel documents, and ultimately deport him, but submits that his removal is "significantly likely to occur in the reasonably foreseeable future." *Id.* ¶ 15. Petitioner is currently in ICE custody at the Caroline Detention Facility. [Doc. No. 1] ¶ 59.

In Counts I and II, Petitioner argues that his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, and his due process rights because his removal to Mexico is not reasonably foreseeable and Petitioner has withholding of removal to El Salvador. [Doc. No. 1] ¶¶ 62–74. In Counts III and IV, Petitioner argues that he is entitled to immigration judge review of any negative fear determination of removal to another third country (that is not Mexico). *Id.* ¶¶ 75–82. And in Count V, Petitioner argues that the revocation of his OSUP violates the *Accardi* doctrine. ¶¶ 83–89. In opposition, Respondents contend that Petitioner's detention is lawful because Petitioner's removal to Mexico is reasonably foreseeable; that this Court lacks jurisdiction to order immigration judge review of any negative third country screening interview because this relief is not cognizable in this habeas; and that the revocation of Petitioner's Order of Supervision is lawful.[2] [Doc. No. 10].

Under 8 U.S.C. § 1231, which applies to individuals like Petitioner that have a final order

[2] Because the Court grants Petitioner's Petition as to Counts I and II and orders his immediate release, the Court need not address the merits of Count V.

of removal, noncitizens shall be detained during the ninety (90) day "removal period" in order to execute their removal, and certain noncitizens may be detained "beyond the removal period."[3] 8 U.S.C. § 1231(a)(1)-(2), (6). The statute is silent as to how long an individual can be detained for, a question the Supreme Court considered in *Zadvydas v. Davis*, where it held that detention pursuant to Section 1231 must be "only for a period *reasonably necessary* to secure the [noncitizen's] removal," and that the detention of a post-removal order noncitizen is "presumptively reasonable" for six months, after which an individual is entitled to habeas relief upon demonstration that the detention is "indefinite"—*i.e.*, that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. 678, 682, 699–701 (2001) (emphasis in original); *see also Clark v. Suarez–Martinez*, 543 U.S. 371, 377–78 (2005) (extending *Zadvydas* to noncitizens ordered removed who are inadmissible under § 1182). If the noncitizen makes these prima facie showings, the burden shifts to the government to provide "evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

It is undisputed that Petitioner is being detained pursuant to a final order of removal that is administratively final.[4] Petitioner has been in immigration custody for almost nine months, since December 1, 2025, with little to no progress made on the execution of his removal from this country.[5] Although Respondents represent that DHS intends to remove Petitioner to Mexico, there

---

[3] Under the statute, the removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

[4] Because Petitioner's order of removal became administratively final in 2015, Petitioner's 90-day removal period under 8 U.S.C. § 1231(a)(1) has long lapsed. However, as this Court has previously concluded, "the government's failure to detain the Petitioner during the removal period or immediately thereafter does not eliminate the Government's ability to detain Petitioner for the purpose of enforcing that removal order" at a later date. *Piao v. Lyons*, No. 1:25-CV-1725, 2025 WL 3046783, at *2 (E.D. Va. Oct. 31, 2025).

[5] Petitioner was also detained for approximately ten months between 2014 and 2015 but since that detention preceded Petitioner's "removal period' under 8 U.S.C. § 1231(a)(1)(B), the Court does not count this period for the purposes of the claims presented in this Petition.

is nothing in the record indicating that Respondents have even presented Petitioner to Mexican authorities to secure their approval for his removal to Mexico. Indeed, Respondents admit that they do not know at this time whether Mexico will accept Petitioner.[6] [Doc. No. 10] at 7. As an additional hurdle, Respondents will not be able to effectuate any order of removal to Mexico until Petitioner's appeal of the immigration judge's order affirming the asylum officer's negative fear determination is adjudicated in the Fourth Circuit, which remains pending. In that regard, Petitioner's case is distinguishable from *Castaneda v. Perry*, 95 F.4th 750 (4th Cir. 2024) because unlike in *Castaneda* where the petitioner's pending withholding proceedings that he voluntarily initiated were the only thing preventing his removal, the Petitioner here already has withholding of removal to his home country, El Salvador, and therefore even if the Fourth Circuit were to affirm the immigration judge's negative fear determination of removal to Mexico, Respondents would still need to secure Mexico's approval and obtain travel documents, a process that could take months, if not years. On this record, removal to Mexico therefore depends on a chain of contingencies of uncertain duration: the Fourth Circuit must rule; Mexico must thereafter decide, in its sovereign discretion, to accept Petitioner and issue a travel document; and removal must then be effectuated.

Based on the foregoing, the Court finds that Petitioner has been in detention under 8 U.S.C. § 1231 for more almost nine months, and therefore for a period beyond the presumptively reasonable six-month period established under *Zadvydas*. He has also made the required prima facie showing that there is good reason to believe that there is no significant likelihood of removal

---

[6] As to Petitioner's argument that Mexico is not accepting individuals such as Petitioner who have assault conviction based on a declaration filed in another habeas case in this district, Respondents submit that "Mexico has accepted individuals who have a similar criminal history as Petitioner's" and that the "declaration that Petitioner cites pertains to aggravated assault convictions. [Doc. No. 10] at 7.

in the reasonably foreseeable future; and Respondents have failed to present evidence sufficient to rebut that showing. *See Montezano Martinez v. Perry*, et al., 1:25-cv-02274-AJT-IDD (E.D. Va. Feb. 6, 2026), Dkt. No. 22 (ordering petitioner's immediate release, who had been detained for over eleven months, given that Respondents had failed to present evidence sufficient to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future); *Constant v. Perry*, 2026 WL 1463965, at *5 (E.D. Va. Feb. 10, 2026) (holding that detention "does not satisfy due process under *Zadvydas*" because Respondents produced no evidence that the country had agreed to accept the petitioner, such that the record established only that Respondents "do not know" whether removal would occur). Petitioner's continued detention is therefore unconstitutional and is unlawful under *Zadvydas*.

Petitioner also claims that any additional efforts by the Government to remove him to any other third country other than Mexico must be accompanied by adequate procedural safeguards. [Doc. No. 1] ¶¶ 79–82. At this time, Respondents have not identified any third country other than Mexico to which they intend to remove Petitioner. Accordingly, the Court denies Petitioner's request for such relief without prejudice for Petitioner to renew his request for review by an Immigration Judge of any negative fear determination.

For the reasons stated above, the Petition is **GRANTED** as to Counts I and II, and **DENIED** without prejudice as to Counts III, IV, and V, and it is hereby

**ORDERED** that Respondents immediately release Petitioner under an Order of Supervision pursuant to 8 U.S.C. § 1231(a)(3), which may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13; and it is further

**ORDERED** that Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are **ENJOINED** from

redetaining Petitioner except upon a showing of sufficient changed circumstances with respect to the prospects for removal to a qualifying consenting country.

The Clerk is directed to send this Order to all counsel of the record, and to terminate the case.

August 18, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge